## Anna M. Detwiler and George E. Detwiler v. William G. Hibbard.

1. FORECLOSURE—*Mortgage Clauses in Policies as Defenses.*—In a proceeding to foreclose a mortgage upon premises insured by policies containing mortgage clauses in favor of the mortgagee, the question as to

Detwiler v. Hibbard.

whether the mortgagee had complied with the condition of the policies so as to recover the loss, can not be considered as a defense, while the right to recover the loss from the insurance company remains undetermined.

**Foreclosure.**—Appeal from the Circuit Court of Lake County; the Hon. CLARK W. UPTON, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

LAWRENCE M. ENNIS, attorney for appellants; TISDEL & GUTCHES and WILLIAM E. HUGHES, of counsel.

DENT & WHITMAN, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was a suit in equity brought by appellee against appellants and others to foreclose a trust deed executed by William H. Thomas to Henry C. Van Schaack, as trustee, to secure a certain note for $3,000 and four coupon interest notes for $105 each, all bearing date April 27, 1889, payable to the order of said William H. Thomas, and by him indorsed in blank, the principal note being due two years after its date, and all the notes bearing interest at the rate of eight per cent per annum after maturity.

It appears that this indebtedness was a part of the purchase price of certain premises conveyed by appellee to said Thomas and particularly described in the trust deed. Thomas subsequently sold the property to Rushton M. Dorman, who procured insurance on the premises in two different insurance companies, $1,500 being in the Pacific Fire Insurance Company, and $1,500 in the Rutgers Fire Insurance Company, and as a part of the transaction there was attached to each of the policies of insurance a mortgagee's clause in favor of appellee, Hibbard.

In October, 1890, appellant Anna M. Detwiler, through her husband, George E. Detwiler, purchased the property from Dorman, and in the settlement paid him the unearned premium on the insurance policies, amounting to $35. The property was totally destroyed by fire on May 9, 1892, while

this suit for the foreclosure of the trust deed was pending and undetermined. Proofs of loss were made out in the name of Hibbard, and demand for payment made upon the insurance companies, but such payment was refused on the ground that the insurers had never been notified of the transfer of the property from Dorman to Detwiler. Thereupon Hibbard brought suit in his own name upon the policies, and those suits are still pending.

The appellants, Anna M. and George E. Detwiler, defended against this suit, on the ground that after the purchase of the property from Dorman, George E. Detwiler, as the agent of his wife, called upon Henry C. Van Schaack, the trustee, who, it is claimed, then had in his possession the polices of insurance, and demanded such policies, that he might take them to the companies by whom they were issued, and have the change of ownership noted on the books of the insurers as required by the policies. It is claimed that Van Schaack refused to give up the policies, or disclose the names of the companies who issued them, but said he would see to it himself that the change of ownership was properly noted by the insurance companies. Appellants claim that Van Schaack never gave such notice, and they insist that in what he did and said concerning these insurance policies he was the agent of appellee, and that if a loss occurs in consequence of Van Schaack's negligence in failing to give notice as he agreed, it must be borne by appellee.

The court below found against appellants, and entered a decree for $4,347.02 and costs, in favor of appellee. Appellants bring the case to this court and insist on a reversal upon the grounds above set forth, and contend that they have a right, inasmuch as there was a total loss of the property by fire, to set off the full amount of the face of the insurance policies against the debt due appellee upon the indebtedness secured by the trust deed.

There is no satisfactory evidence that in what he did, or failed to do, concerning these policies of insurance, Van Schaack was acting as the agent of appellee. In that mat-

ter it appears to us he was as much the agent of appellants as of appellee. They were the ones most particularly interested in having the insurance companies notified of the change in the title to the property. There is no evidence that appellee had any notice of this transfer by Dorman to appellant Anna M. Detwiler, and therefore, under the conditions of the policy, no duty devolved upon him to notify the insurers, but it was incumbent upon the insured owner of the property to give such notice. We do not attempt here to decide what effect the failure to give notice of the transfer (if there was such failure), may have upon the rights of appellee to recover from the insurance companies the amount of the loss, as that question is still to be determined in the suits now pending between appellee and the insurers on that subject. But it is an unsettled question, and at present there is but a mere apprehension of loss on account of a failure to give notice of the transfer. It is not yet determined that appellants have suffered any damage by reason of Van Schaack's failure to give notice, if such failure existed, and at present the loss, if any, is intangible and incapable of ascertainment so as to form a definite basis of defense to this suit. Should appellee succeed in his suits against the insurance companies, and recover the amount of the loss, then, in equity, whatever he so recovers will inure to the benefit of appellant Anna M. Detwiler; but in the meantime, we think appellee has the right to a decree for the amount of the indebtedness due him upon the notes and trust deed.

It may be remarked that there was ample time for Detwiler to have notified appellee personally concerning this transfer of the property. The evidence shows that Detwiler saw appellee long after the transfer was made and before the fire occurred, and had he given him such notice, he would certainly have been in much better position to complain of negligence than he is now.

Under all the evidence and the facts appearing in the case, we do not think the defense sought to be set up can be maintained. The decree was right and will be affirmed.